UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------- X
                                                                 :
RUBEN RIVERA,                                                    :     07-CV-3129
                                                                 :
                                    Plaintiff,                   :     NOT FOR
                                                                 :     PUBLICATION
            -against-                                            :
                                                                 :     OPINION AND ORDER
MICHAEL J. ASTRUE,                                               :
Commissioner of Social Security,                                 :
                                                                 :
                                    Defendant.                   :
---------------------------------------------------------------- X

ROSS, United States District Judge:

By motion dated March 31, 2009, plaintiff Ruben Rivera seeks an award of attorney's fees under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412(d), in the amount of $9,485.12, for 54.17 hours of work performed by his attorney. The Commissioner does not challenge counsel's right to collect attorney's fees, but objects to the amount sought as excessive. For the reasons given below, the court awards reasonable attorney's fees under the EAJA in the amount of $6,128.85.

## BACKGROUND

Plaintiff filed this action pro se on August 1, 2007, seeking review of the Commissioner's final decision denying plaintiff's claim for Disability Insurance Benefits. On January 23, 2008, plaintiff's counsel submitted a Notice of Appearance. By Opinion and Order dated February 2, 2009, the court remanded the case to the Commissioner for further administrative proceedings. Judgement was entered on February 5, 2009.

1

## DISCUSSION

The Equal Access to Justice Act (EAJA) provides, in pertinent part, that "a court shall award to a prevailing party other than the United States fees and other expenses . . . incurred by that party in any civil action . . . brought by or against the United States . . . unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A). "Fees and other expenses" include "reasonable attorney's fees." Id. § 2412(d)(2)(A). The commissioner has conceded that plaintiff is the prevailing party by virtue of obtaining a remand to the Social Security Administration. The Commissioner's sole contention is that the amount of attorney's fees sought by plaintiff is unreasonable.

In awarding "reasonable attorney's fees," a district court has broad discretion to determine the appropriate number of attorney hours reasonably expended in pursuing a claim. Irvine v. Sullivan, No. 91 Civ. 500, 1993 U.S. Dist. LEXIS 7223, at *5 (E.D.N.Y. Apr. 17, 1993) (citing Aston v. Secretary of Health and Human Services, 808 F.2d 9, 11 (2d Cir. 1986)). "The specific facts of each case determine what fee is appropriate." Ferguson v. Apfel, No. 98 Civ. 3728, 2000 U.S. Dist. LEXIS 7223, at *5 (E.D.N.Y. Apr. 17, 2000). One important factor is "the significance of the overall relief obtained by the plaintiff in relation to the hours reasonably expended on the litigation." Hensley v. Eckerhart, 461 U.S. 424, 429, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983). Close scrutiny of an itemized bill proffered by the attorney seeking fees is warranted, for "[h]ours that are not properly billed to one's client also are not properly billed to one's adversary pursuant to statutory authority." Id. at 434.

"The most useful starting point for determining the amount of a reasonable fee is the

number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." Id. As defendant argues, courts in this Circuit have typically held that a range of 20 to 40 hours is a reasonable expenditure of time for an average social security disability case. See, e.g., Hiciano v. Apfel, No. 97 Civ. 4037, 2002 WL 1148413, at *2 (S.D.N.Y. May 29, 2002); Ferguson v. Apfel, 2000 U.S. Dist. LEXIS 7223, at *5. Although courts in this Circuit "have not hesitated to award attorney's fees well in excess of the routine twenty to forty hours where the facts of the specific case warrants such an award," Hinton v. Sullivan, No. 84 Civ. 9276, 1991 WL 123960, at *5 (S.D.N.Y. July 2, 1991), when a case does not "rais[e] any extraordinarily difficult or complex legal or factual issues," courts have determined that the hours spent litigating it should not have exceeded the guideline range. Pazo v. Apfel, No. 98 Civ. 5535, 2001 U.S. Dist. LEXIS 24494, at *21 (E.D.N.Y. Mar. 7, 2001).

Here, plaintiff seeks reimbursement for 54.17 hours expended by plaintiff's attorney, Herbert S. Forsmith. The Schedule of Services submitted in support of the fee application includes 12 hours reviewing the transcript, 7.5 hours analyzing the defendant's papers, another 18.5 hours researching, analyzing, and drafting the plaintiff's papers, and 2.75 hours preparing the instant fee application. Plaintiff's attorney spent an unreasonable amount of time performing these tasks, which are common to this type of case, especially given that Mr. Forsmith has 30 years of experience working almost exclusively in this field. See Forsmith Aff. ¶ 5. Plaintiff's briefing did not contain a summary of the evidence; instead it simply incorporated by reference the evidence as cited in defendant's memorandum. Additionally,

3

plaintiff's papers included lengthy boilerplate legal analysis.[1]

The court finds the 54.17 hours expended by plaintiff's attorney to be excessive given the routine nature of this case. Accordingly, plaintiff shall be compensated for 35 hours reasonably expended by Mr. Forsmith. Attorney time under EAJA is compensable at the rate of $125.00 per hour, but may be adjusted for the increase in the cost of living since 1996 reflected in the average Consumer Price Index (CPI) for the year in which the work was performed. 5 U.S.C. § 504; 28 U.S.C. § 2412(d)(2)(a); Kerin v. United States Postal Serv., 218 F.3d 185, 194 (2d Cir. 2000). The parties agree that the relevant hourly rate is $175.11. The court therefore awards reasonable attorney's fees in the amount of $6,128.85, representing 35 hours of work multiplied by the hourly rate of $175.11.

## CONCLUSION

For the reasons given above, the court awards to plaintiff fees under EAJA in the amount of $6,128.85. The EAJA fees are ordered to be remitted to plaintiff forthwith.

SO ORDERED.

s/ ARR

_____
Allyne R. Ross
United States District Judge

Dated: May 12, 2009
Brooklyn, New York

---

[1] The court notes that large portions of plaintiff's brief in this case are strikingly similar to, and in many respects identical to, the brief submitted by Mr. Forsmith in another case before the court, Green v. Astrue, 07-CV-1269 (ARR).

4

SERVICE LIST:

*Counsel for plaintiff*

Herbert S. Forsmith
26 Broadway, 17th Floor
New York , NY 10004

*Counsel for defendant*

Kathleen Anne Mahoney
United States Attorneys Office
Eastern District of New York
271 Cadman Plaza East
Brooklyn , NY 11201-1820